**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FEMI BOGLE-ASSEGAI, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV2292(HBF) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES; and | : | |
| CYNTHIA WATTS ELDER, | : | |
| in her official capacity as Executive | : | |
| Director, Connecticut Commission on | : | |
| Human Rights and Opportunities, | : | |
| ("CHRO") and LEANNE APPLETON, | : | |
| in her individual capacity and official | : | |
| capacity as Director of Finance of | : | |
| CHRO; and DONALD NEWTON, | : | |
| in his individual capacity and official: | | |
| capacity as CHRO Chief of Field | : | |
| Operations, | : | |
| *Defendants* | : | DECEMBER 27, 2004 |

**<u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION</u>**

It is established law in this circuit that Rule 56 imposes a burden upon the

nonmoving party to file a Rule 56(a)2 statement of facts, along with supporting evidence,

that establishes material issues of fact. The complete failure to respond to the

requirements of the Rule would be grounds for summary judgment in and of itself.

<u>Dasanenko v. Maloney</u>, 726 F.2d 82, 84 (2d Cir. 1984); <u>Willis v. Anthem Blue Cross and</u>

<u>Blue Shield of Connecticut</u>, 193 F. Supp. 2d 436, 438 (D. Conn. 2001).

Nevertheless, the court can consider the case on its merits, using the defendants'

Rule 56(a)1 statement of facts as deemed admitted.

In the present case, the defendants offered a detailed Rule 56(a)1 establishing no personal jurisdiction over defendants Appleton and Newton, a legitimate nondiscriminatory reason for the plaintiff's termination in 2001, and the lack of any adverse employment action in connection with Bogle-Assegai's other claims. Absent any admissible evidence by the plaintiff to prove the prima facie elements of a case, the defendants are entitled to summary judgment. The defendants remind the court that much of the evidence supporting the defendants' Rule 56(a)1 Statement of Facts consists of the plaintiff's own sworn admissions.

This is not apparently a case of a slight delay in responding to the summary judgment motion. The plaintiff's response is over a month tardy, despite several extensions granted by the court. Over a month has passed since the last deadline. If the plaintiff does not intend to respond to summary judgment, she should have authorized her counsel to dismiss the case.

In conclusion, the defendants' motion for summary judgment should be granted on its merits based on the uncontroverted evidence submitted in support of that motion.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    _____
       Joseph A. Jordano  (ct 21487)
       Assistant Attorney General
       55 Elm Street, P.O. Box 120
       Hartford, CT 06141-0120
       Tel: 860-808-5340
       Fax: 860-808-5383
       email: Joseph.Jordano@po.state.ct.us

<u>**CERTIFICATION**</u>

The undersigned hereby certifies that on the 27th day of  December 2004, a true

and accurate copy of the foregoing Brief in Support of Motion was  sent by United States

mail, first class postage prepaid, to the following:


Eroll V. Skyers, Esq.
The Barrister Law Group
211 State Street, 2d Floor
Bridgeport, CT 06604


_____
Joseph A. Jordano
Assistant Attorney General