UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FEMI BOGLE-ASSEGAI, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | 3:02CV2292(HBF) |
| | : | |
| V. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES; and | : | |
| CYNTHIA WATTS ELDER, | : | |
| in her official capacity as Executive | : | |
| Director, Connecticut Commission on | : | |
| Human Rights and Opportunities, | : | |
| ("CHRO") and LEANNE APPLETON, | : | |
| in her individual capacity and official | : | |
| capacity as Director of Finance of | : | |
| CHRO; and DONALD NEWTON, | : | |
| in his individual capacity and official | : | |
| capacity as CHRO Chief of Field | : | |
| Operations, | : | |
| *Defendants* | : | FEBRUARY 2, 2005 |

### AFFIDAVIT OF DONALD NEWTON

STATE OF CONNECTICUT  )
                      ) ss. Hartford
COUNTY OF HARTFORD    )

I, Donald Newton, having been duly sworn and upon oath testify as follows:

1. I am over eighteen years of age and a resident of the State of Connecticut.

2. I am currently employed as the Chief of Field Operations for the Commission on Human Rights and Opportunities. I have been employed by the CHRO for over 30 years, having held my current position since the fall of 1999.

1

3. As the Chief of Field Operations, I oversee the four CHRO regional offices that handle complaints of discrimination and the fair housing unit.

4. In 2001 when Femi Bogle-Assegai was investigated for falsifying her time records, the only CHRO regional office to have a fully operational card access system that recorded the employee's name, time the card was used and where the card was used, was in the CHRO Waterbury office in the Rowland Government Center.

5. As the Chief of Field Operations, I can state that I would typically be the first person notified if an issue of falsified time sheets arose regarding a regional manager.

6. At no time was I aware of inaccurate time sheets being filed by any of the regional managers, except Ms. Bogle-Assegai. If the contrary had been the case, I would have requested an investigation into the matter.

7. If I suspected that a manager was abusing the trust involved in submitting time sheets, I would have addressed the issue. I was constantly reminding the regional managers about the importance of accurate time records.

8. As a member of the Director's executive staff, I cannot recall any information either coming to my attention or communicated to me by Cynthia Watts Elder, indicating that Leanne Appleton, the CHRO Business Manager, was submitting false or inaccurate time sheets.

9. With respect to Leanne Appleton, she had different duties as a manager and was not similarly situated to Femi Bogle-Assegai. I was not her supervisor. However, I am not aware of Leanne Appleton being suspected

of abusing her time or falsifying her time sheet. When a former employee accused Leanne Appleton of inappropriate conduct in the workplace, the incident was promptly investigated by an independent person and no wrongdoing was found on Leanne Appleton's part.

10. As I have previously testified to, it was by happenstance that the plaintiff's pattern of submitting false time sheets was discovered. I requested that the card access printouts for the Rowland Center be obtained in February 2001 to determine the accuracy of information I had received from Ms. Bogle-Assegai's staff that she was not in the office when I called her on January 26, 2001. Ms. Bogle-Assegai had insisted to me that she was at work during those hours on January 26, 2001, and I thought that the records would show who was telling the truth. In fact the records showed that on that date, and others, Bogle-Assegai was not present as she claimed on her time sheets.

11. I was responding to a particular situation and it was not my intent to just arbitrarily check the accuracy of the plaintiff's conduct.

12. In 2001, the three permanent regional managers were minorities. There are numerous managers throughout the CHRO, black and white. The plaintiff was given the same degree of scrutiny as other managers. When she engaged in questionable conduct as a regional manager dating back to 1997, each matter was addressed by either her previous supervisor, Jewel Brown (black male), by me, or by Executive Director Watts Elder.

FURTHER AFFIANT SAYETH NOT.

_____
Donald Newton

Subscribed and sworn before me this 2nd day of February 2005.

_____
Commissioner of the Superior Court