FILED

2005 NOV -9 P 2: 05

U.S. DISTRICT COURT
BRIDGEPORT. CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FEMI BOGLE-ASSEGAI<br>Plaintiff             : | CIVIL NO. 3:02CV2292 (HBF) |
|              : | |
| v.             : | |
|              : | |
| STATE OF CONNECTICUT,  : | |
| COMMISSION ON HUMAN RIGHTS  : | |
| AND OPPORTUNITIES, ET AL.,  : | |
| Defendants           : | November 8, 2005 |
|              : | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL

### I.  INTRODUCTION

Plaintiff, Femi Bogle-Assegai, filed a timely notice of appeal of the District Court's grant

on March 10, 2005 of defendants' Motion for Summary Judgment.   Despite Plaintiff's

argument of "continuing violation", the court granted the Motion on the express basis that

Plaintiff had failed to attach any exhibits that would provide the evidentiary support for her

argument of "continuing violation".   The court, in ruling on defendants' Motion, stated in

pertinent part, "...plaintiff fails to identify any evidence in the record to support her claim of

1

a 'continuing violation' after March 29, 2001, the date she received formal notice of termination".

## II. ARGUMENT

A. The Court has authority to grant the Motion to Supplement the Record.

The Second Circuit Court of Appeals has held that the federal District Courts have authority to supplement the record even while jurisdiction remains with the Circuit Court on appeal of a matter. United States v. Jacobson, 15 F.3d 19 (2d Cir. 1994) (holding that remands for supplementation of the record are permissible). In Jacobson, the District Court Judge questioned his power to act while the Circuit Court retained jurisdiction of a matter on appeal. The Court addressed the proper procedure for supplementing the record. The Circuit Court held that the record may permissibly be supplemented even in circumstances where it had requested that the lower court take such action (i.e. supplement the record) in order that the merits of the matter on appeal might be properly decided.

The procedure of seeking supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record is established in the case law of this and other circuits. See for example, IIT v. Vencap, Ltd., 519 F.2d 1001, 1019 (2d Cir. 1975), where the judge's opinion invoked the court's broad power under 28 U.S.C. § 2106 to "require such further proceedings to be had as may be just under the

circumstances," to retain jurisdiction while remanding to the district court to supplement the record with further findings and conclusions. In <u>In re Lomas Financial Corp.</u>, 932 F.2d 147, 151-52 (2d Cir. 1991), [the court] directed the parties to seek "a supplemental statement" from the bankruptcy court as to whether its order necessitated further proceedings in that court and retained jurisdiction to rule on the merits pending receipt of that statement. In <u>Gulliver v. Dalsheim</u>, 739 F.2d 104, 106 (2d Cir. 1984), the panel retained jurisdiction in a habeas case while remanding to allow the district court to apply intervening decisions of this court. In <u>FDIC v. Grella</u>, 553 F.2d 258, 264 (2d Cir. 1977), the panel retained provisional jurisdiction of the case with instructions to the district court to dismiss the case should the parties comply with its ruling. See also <u>Easley v. University of Michigan Bd. of Regents</u>, 853 F.2d 1351, 1358 (6th Cir. 1988) (remand while retaining jurisdiction to ascertain judge's neutrality); <u>In re Pope</u>, 580 F.2d 620, 623 (D. C. Cir. 1978) (remanding to district court while retaining jurisdiction requesting statement of reasons clarifying the exercise of district judge's discretion); <u>Pure Oil Co. v.Superior Oil & Tire Co.</u>, 317 F.2d 330, 333 (6th Cir. 1963). The Second Circuit Court therefore found that precedent allowed it to seek supplementation of the record even while retaining jurisdiction. See also <u>Booking v. General Star Management Company</u>, 254 F.3d 414 (2d Cir. 2001) (granting a remand of the case for the purpose of the parties supplementing the record) and <u>M.D. v. Southington Board of Education</u>, 334 F.3d 217 (2d Cir. 2003) (citing with approval <u>Jacobson,</u>

supra on the procedural issue of a supplementation of the record of the lower court while the Circuit Court retained jurisdiction).

Southington was factually very similar to the instant case in that the Court requested supplementation of the record on the issue of whether the lower court's grant of summary judgment on the ground that plaintiff's civil rights claims (under the Individuals with disabilities Education Act and § 504 of the Rehabilitation Act) were time-barred under Connecticut General Statutes. The Circuit Court filed an order remanding the case to the District Court "so that the parties could supplement the record" on the issue of whether defendant had provided plaintiff "notice of certain procedural safeguards before the two-year limitations period [began] to run". Although the court ultimately found plaintiff's claim to be time-barred, it was nevertheless important for the record to be supplemented in order that the issue of 'equitable tolling', inter alia could be considered. It is significant that the court looked to equitable tolling rules, that is, those rules 'that allow a court "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order to prevent inequity'. Southington, supra at page 223.

Inasmuch as the Circuit Court could order a remand of the case for purposes of supplementing the record, the District Court should grant this motion in order to avoid an unnecessary step in the process. Rather than wait upon a likely remand of the case, the District

Court should simply grant the motion in order that a full record is available for the Appeals Court to review.

    B.   <u>Granting the Motion to Supplement the Record will prevent a Manifest Injustice.</u>

As the court noted in <u>Chapman v. Choicecare Long Island Term Disability Plan</u>, 288 F.3d 506, 508 (2d Cir. 2002), "…a limitations period may also sometimes serve as a refuge for an inequity, and make the rule designed to prevent inequity the very means for it to succeed". In <u>Chapman</u>, the court vacated and remanded the case to the district court for further proceedings. Notably, the district court had granted summary judgment on the basis that plaintiff's counsel could have filed an appeal "and then supplemented the record at a later date". <u>Chapman,</u> supra at page 512.

While Title VII requires that the plaintiff in an employment discrimination action pursue her administrative procedures before filing a lawsuit and imposes a deadline for the initiation of such procedures, an exception to this rule is provided by the "continuing violation" doctrine. Under that doctrine, if a plaintiff has experienced a "'continuous practice and policy of discrimination, . .. the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it".[1]

---

[1] See <u>Gomes v. Avco Corp.</u>, 964 F.2d 1330, 1333 (2d Cir. 1992) (quoting <u>Miller v. International Telephone & Telegraph Corp.</u>, 755 F.2d 20, 25 (2d Cir.), <u>cert. denied</u>, 474 U.S. 851 (1985)); <u>see also</u> <u>Association Against Discrimination in Employment, Inc. v. City of Bridgeport</u>, 647 F.2d 256, 274-75 (2d Cir. 1981) (consistent pattern

"If a continuing violation is shown, a plaintiff is entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred." <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 713 (2d Cir. 1996); <u>see</u>, <u>e.g.</u>, <u>Lambert v. Genesee Hospital</u>, 10 F.3d 46, 53 (2d Cir. 1993) ("Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEO charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims or acts of discrimination under that policy will be timely even if they would be untimely standing alone."), <u>cert. denied</u>, 511 U.S. 1052 (1994). Although the continuing violation exception is usually associated with a discriminatory policy, rather than with individual instances of discrimination, and although acts so "isolated in time . . . from each other . . . [or] from the timely allegations as to break the asserted continuum of discrimination" will not suffice, <u>Quinn v. Green Tree Credit Corp.</u>, 159 F.3d at 766, a continuing violation may be found "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." <u>Cornwell v. Robinson</u>, 23 F.3d 694, 704 (2d Cir. 1994).

C.    <u>Granting the Motion to Supplement the Record will avoid a Piecemeal View    of the Record.</u>

---

of discriminatory hiring practices from 1971 to 1975 held to constitute a continuing violation), <u>cert. denied</u>, 455 U.S. 988 (1982).

Additionally, the court found that, "...especially in the context of a claim of discrimination, *the court should not view the record in piecemeal fashion*." (Emphasis Added). Fitzgerald v. Henderson, 251 F.3d 345 (2d Cir. 2001).    Cf. Washington v. Davis, 426 U.S. 229, 242 (1976) ("an invidious discriminatory purpose may often be inferred from the totality of the relevant facts").

In the interest of completeness, the Court should grant Plaintiff's motion to supplement the record.  See generally Hall v. Earthlink Network, Inc., 396 F.3d 500 (2d Cir. 2005) on the Circuit Court's grant of Appellants' motion to supplement the record on appeal with their answers to Defendant's first request for production of documents, made in response to Appellee's representation at oral argument that certain documentation had not been produced during discovery on a particular issue. The Circuit Court granted the motion "in the interest of completeness". Hall, supra at footnote 3.

Defendants' seized the opportunity to present their Motion for Summary Judgment to the lower court in a factual vacuum.  That is, they failed to make any mention of the fact that Plaintiff had challenged defendants' treatment of her in Superior Court, and that Plaintiff was scheduled for a "show Cause Hearing" but was nonetheless terminated from employment while that hearing was pending.   Plaintiff moves now, to supplement the record to provide the

evidence, that would show the totality of the circumstances surrounding Plaintiff's termination and avert what would otherwise be a gross case of manifest injustice.

Plaintiff now moves to supplement the record, currently on appeal, to include information relevant and material to the court's ability to hear and decide the threshold issue of jurisdiction and "continuing violation".

D.    Granting the Motion to Supplement the Record will result in no Prejudice to Defendants.

For this court to grant Plaintiff's motion would not result in any prejudice to the defendants nor would approval of this motion extend or delay the proceedings that are now the subject of the appeal. Plaintiff had previously argued the doctrine of "continuing violation" at the lower court level. Thus, Defendants have been placed on notice that this argument, if accepted, would defeat their jurisdictional defense. Plaintiff merely requests that the Court permit the supplementation of documentation that supports the argument. In particular, Plaintiff seeks the supplementation of documents, inter alia, such as Plaintiff's Connecticut Superior Court Action filed on March 9, 2001, Plaintiff's Federal District Court Action filed on April 6, 2001 and Plaintiff's Right to Sue letter dated September 24, 2002. Defendants cannot reasonably argue that the supplementation of these records would result in prejudice to them.

Conversely, Plaintiff's inability to meet the jurisdictional threshold would result in Plaintiff being denied the right to a merit-based determination of the issues surrounding her termination from employment.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion to Supplement the Record should be granted.

THE PLAINTIFF

BY *Cynthia R Jennings*
Cynthia R. Jennings, Esq
(Fed Bar No. CT21797)
THE BARRISTER LAW GROUP, LLC.
211 State Street, 2nd Floor
Bridgeport, CT  06604
Tel: 203-334-4800

## CERTIFICATE OF SERVICE

| | | |
|---|---|---|
| **FEMI BOGLE-ASSEGAI** | : | **CIVIL NO. :02CV2292(HBF)** |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **STATE OF CONNECTICUT,** | : | |
| **COMMISSION ON HUMAN RIGHTS** | : | |
| **AND OPPORTUNITIES, ET AL., :** | | |
| **Defendant** | : | **November 8, 2005** |

I hereby certify that on November 8, 2005, a copy of foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Cynthia R. Jennings, Esq., (ct21707)
THE Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604
Phone: (203) 334-4800
Fax: (203) 333-7178
E-mail: cynthia_jennings_law@yahoo.com