UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FEMI BOGLE-ASSEGAI | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:02CV2292(HBF) |
| | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES; CYNTHIA | : | |
| WATTS-ELDER; LEANNE APPLETON; | : | |
| and DONALD NEWTON | : | |
| *Defendants* | : | November 21, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

**INTRODUCTION**

The Plaintiff's motion to supplement the record is terribly confusing. The pleading

presents numerous questions, the most critical of which is, "What exactly is the Plaintiff is trying

to accomplish?"   Is the Plaintiff simply trying to supplement the *appellate* record with

documents that were *not* part of her response to the Defendants' motion for summary judgment,

or does Plaintiff's counsel seek relief from the judgment under Rule 60 (b)?[1]  The Plaintiff's

motion comes before this Court eight months after the Court granted summary judgment and

while an appeal is pending before the Court of Appeals.

 For several reason stated herein, the Defendants submit that the Plaintiff's motion fails

for the following reasons:

> 1.     If the Plaintiff is seeking to supplement the record for the Court of Appeals, she
>
>        has filed her request in the wrong court.

---

[1]   Though unclear from the pleadings and her memorandum, the Plaintiff incorrectly believes that she can
supplement the district court record for the purposes of her appeal with documents that were NOT BEFORE the
court on summary judgment.  See Puglisi v. Underhill Park Taxpayers Assoc., 1997 U.S. App. LEXIS 27260 (2d
Cir. 1997) (the Court of Appeals will not generally consider evidence not presented to a district court as part of
summary judgment).

2.    If the Plaintiff is seeking reconsideration of the summary judgment ruling dated March 10, 2005, such a request is time barred because it was not filed within 10 days of the judgment as required under Local Rule 7;

3.    The Plaintiff is not entitled to relief under Rule 60(b) because she cannot meet the stringent legal standard for such relief.

4.    Even if the Plaintiff was to supplement the record with copies of court pleadings, that does not change the result because the filing for an injunction does not toll the filing deadlines under Title VII.

I.    **THE PLAINTIFF'S MOTION TO SUPPLMENT WHAT IS NOW AN APPELLATE RECORD HAS BEEN FILED IN THE WRONG COURT**

The Plaintiff seeks to have this Court supplement the record by adding state and federal court filings, as well as other documents such as news articles, regarding her motion for an injunction in March 2001.[2]  In support of her argument, she cites U.S. v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) and the cases cited therein.  Jacobson does not stand for the proposition that a District Court may, on motion of a party, supplement the record of a case that is pending on appeal.  Rather, the Jacobson Court held that the Court of Appeals may order a District Court to supplement the record of the case without remanding the case to the District Court.  Id.

The Plaintiff also relies heavily upon Southington v. Bd. of Edu., 334 F.3d 217, 220 (2d Cir. 2003).  In Southington, the Court of Appeals had previously ordered the record supplemented in M.D. v. Southington Bd. of Edu.,16 Fed. Appx. 70 (2d Cir. 2001).  It is the order, contained at 16 Fed. Appx. 70, that is the relevant opinion in this case.  In the order the court stated:

---

[2]  Specifically, the Plaintiff seeks to supplement the record with documents from Connecticut State Court case No. CV-01-805922 and Connecticut District Court case No. 3:01CV0561(RNC).

> [T]he Board argues, inter alia, that the District Court correctly held that the D family's IDEA and Rehabilitation Act claims are time-barred. However, *we are unable intelligently to evaluate this argument at this point because of substantial gaps in the record. . . .* For example, the record shows that in October 1998 a Hearing Officer concluded that the D family had received notice that an assertedly governing two-year limitations period was running against them. The basis of this factual finding was the Hearing Officer's conclusion that the D family had been provided with certain "procedural safeguards." However, there is no indication in the record as to the content of those safeguards, and the Hearing Officer appears not to have permitted questioning as to what Mrs. D. may have known about the two year period of limitations. . . . In light of potentially material gaps such as this one, *we remand the case for supplementation of the record.*

M.D., 16 Fed. Appx. at 71 (emphasis added).

If the purpose of the current motion is to supplement the record for her appeal, the

Plaintiff has made her motion in the wrong court. In both Jacobson and the order in Southington,

it is the Court of Appeals that sought a clarification of the record and it is the Court of Appeals

that ordered the record to be supplemented. It is not within the providence of a District Court to

order the supplementing of an appellate record. As such, this Court should deny the Plaintiff's

motion.

II.    **THE PLAINTIFF'S MOTION FAILS BECAUSE IT IS TIME-BARRED AND THERE IS NO NEW EVIDENCE THAT COULD JUSTIFY RELIEF UNDER RULE 60(b).**

Assuming *arguendo* that this Court construes the Plaintiff's motion as a request to revisit

the court's summary judgment ruling, the only recognized avenues for such relief is either a

motion for reconsideration pursuant to Local Rule 7(c) or a motion for relief from judgment

pursuant to Fed. R. Civ. P. Rule 60(b). If this Court was to view the Plaintiff's motion as one of

reconsideration of the summary judgment decision, then the motion is time-barred, as a motion

for reconsideration must be brought within ten (10) days of the decision. Local Rule 7(c);

Lopez v. Smiley, 375 F. Supp. 2d 19, 21 (D.Conn. 2005) ("a failure to timely file a motion for reconsideration constitutes sufficient grounds for denying the motion").

Conversely, if this Court was to view the Plaintiff's motion as one for relief from judgment, there is no newly discovered evidence that can satisfy the rule because the Plaintiff was aware of all of the supplemental evidence prior to the Court's summary judgment decision. Rule 60(b) motions may not be used to re-litigate matters already resolved. New York v. Sokol, 1996 U.S. Dist. LEXIS 10812, *4 (S.D.N.Y. 1996), affirmed, 108 F.3d 477 (2d Cir. 1997). If the Plaintiff's real purpose behind the motion is nothing more than an effort to have this Court review its prior opinion, the motion should be denied. See Stewart v. Paul O'Neil, 2002 U.S. Dist. LEXIS 15313 (S.D.N.Y. Aug. 19, 2002).

Rule 60(b)(2) states that a court may relieve a party from a final judgment when there is newly discovered evidence that, in the exercise of due diligence, could not have been discovered in time to move for a new trial. A "party seeking relief from judgment has an onerous standard to meet. . . . The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001).

As set forth above, the Plaintiff fails this test because she cannot satisfy the second requirement. Most of the documents were pleading either filed by herself, or by an attorney on her behalf; as such, she certainly could not have been ignorant of the documents or their content.

To the contrary, both she and her attorney certified that they had knowledge of the facts

contained in the documents.

A recent ruling by Judge Peter C. Dorsey in this district directly addressed this point.  In

Parikh v. Conn. Dept. of Transportation, Docket No. 3:98CV0028(PCD), (D.Conn. Dec. 3,

2002), the plaintiff sought to re-litigate a summary judgment ruling through a similar attempt to

supplement the record.  In denying the plaintiff's motion in the Parikh case, Judge Dorsey stated:

> "Here, [P]laintiff relies on newly submitted evidence but does not in any way
> establish that this evidence could not, through the exercise of due diligence, have
> been presented in the first motion. . . .  Were it permissible for a party to deploy
> additional evidence in successive and repetitive motions, a court decision would
> provide little meaningful repose to a litigant, and courts would face severe
> resource problems if parties could continuously seek reconsideration of reversal
> by submitting already available factual materials when dissatisfied with a court's
> ruling."

Parikh v. Conn. Dept. of Transportation, Docket No. 3:98CV0028(PCD), (D.Conn. Dec. 3, 2002)

(internal citations omitted; quotation marks omitted).

The plaintiff in the instant matter has offered no evidence to support a Rule 60(b) motion.

Accordingly, the motion should be denied.


**III.     THE DOCUMENTS ARE IRRELEVANT TO THE PRIOR SUMMARY
          JUDGMENT AND THE PENDING APPEAL**

The documents the Plaintiff seeks to supplement the record with are irrelevant to the

current proceeding because they do not relate to the Plaintiff's failure to file a timely EEOC

complaint.  The Plaintiff seeks to supplement the record with documents that are, essentially,

state and federal court filings.  The Plaintiff appears to argue that filing an injunction proceeding

somehow tolled the 180-day period for filing a charge of discrimination under Title VII.  She did

not make this argument at summary judgment.

Nevertheless, such an argument is contrary to the law. Simply stated, filing an injunction neither tolls the time limit nor satisfies the exhaustion requirement under Title VII. See, Cody v. Scott, 565 F. Supp. 1031, 1033-34 (S.D.N.Y. 1983); see also Datek v. Nat. Assoc. of Securities Dealers, Inc., 875 F. Supp. 230 (S.D.N.Y. 1995).

In Cody, the defendant, the West Point Military Academy, sought to "separate" the plaintiff, a cadet, from the military academy. Cody, 565 F. Supp. at 1032. After an initial administrative hearing, the plaintiff sought injunctive relief from the court to prevent him from being separated from West Point. Id., at 1033. The court noted that "[i]t is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted," and held that the "[p]laintiff has not advanced adequate justification to short-cut the normal administrative procedure." Id., at 1033-34 (internal quotation marks omitted).

As this Court ruled in its summary judgment decision, the Plaintiff failed to file a complaint within the 180-day limit prescribed by Title VII. As the plaintiff worked for the CHRO in a Regional Enforcement Office, she certainly was aware of the filing deadlines. Filing for injunctive relief does not relieve, **nor did it prevent**, the Plaintiff from pursuing her administrative remedies within the deadline prescribed by Title VII. There is nothing in the plaintiff's motion and accompanying documents that reveals that the Plaintiff was prevented from filing a timely complaint. As such, even if this Court was to consider the Plaintiff's motion, the Court should not supplement the record because the Plaintiff's documents are irrelevant to the issue at hand. Unlike Jacobson or Southington, where the Court of Appeals ordered the record to be supplemented because crucial information was missing, the Plaintiff's proposed supplements have no bearing on the case.

6

There are tremendous policy implications if this Court was to hold that filing an

injunction tolls the 180-day time limit or satisfies the Title VII exhaustion requirement.

Allowing a plaintiff to turn to the judiciary before exploring her administrative remedies runs

afoul of the very reason for the Title VII statutory administrative remedies. Speaking to the

purpose of the Title VII administrative requirements, the Second Circuit stated:  "[A] court's

refusal to intervene prematurely in the administrative process gives the agency an opportunity to

develop factual findings, to apply its expertise to new issues and to exercise its discretionary

powers."  Touche Ross & Co. v. SEC, 609 F.2d 570, 574 (2d Cir. 1979).  If this Court were to

hold that an injunction tolls the 180-day timeline, it would, *sub silentio*, overrule an established

part of Title VII's statutory scheme.


**IV.    THE DEFENDANTS WOULD BE PREJUDICED IF THE COURT ALLOWED THE PLAINTIFF TO SUPPLEMENT THE RECORD.**

The Defendants would be prejudiced if the Plaintiff is allowed to supplement the record.

The documents themselves indicate that they were in existence and known to the Plaintiff prior

to her decision to file a complaint in federal court.  However, these documents were not attached

or referenced in her opposition to the Defendants' motion for summary judgment.  For whatever

unexplained reason, the Plaintiff made the tactical decision not to use these documents in

opposition to the motion for summary judgment.  Now, eight months after the ruling, she wants

to "supplement" the record to include documents never presented to the District Court after an

adverse ruling.  If this Court allowed the Plaintiff to supplement the record with these documents

after she made the affirmative and conscious decision not to include them in the record, it would

allow the Plaintiff to re-litigate her case.  The Defendants should not be forced to expend time

and resources to defend themselves twice to changes in the Plaintiff's strategy.

**V.    CONCLUSION**

For the foregoing reasons, the defendants respectfully move that the Court deny the

plaintiff's request to supplement the record in its entirety.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By:_____

    Joseph A. Jordano, AAG (ct21487)
    David C. Nelson, AAG (ct25640)
    Office of the Attorney General
    55 Elm Street, P.O. Box 120
    Hartford, CT 06141-0120
    Tel: (860) 808-5340
    Fax: (860) 808-5383
    E-mail:Joseph.Jordano@po.state.ct.us
    DavidC.Nelson@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, U.S. mail first class postage

prepaid, this   21st   day of November, 2005 to all counsel of record.

Cynthia Jennings, Esq.
The Barrister Law Group
211 State Street, 2nd Fl.
Bridgeport, CT 06604
Tel.: 203-334-4800

_____
Joseph A. Jordano
Assistant Attorney General