UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| FEMI BOGLE-ASSEGAI | : | |
| | : | |
| v. | : | CIV. NO. 3:02CV2292 (HBF) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES; CYNTHIA | : | |
| WATTS-ELDER; LEANNE APPLETON; | : | |
| and DONALD NEWTON | : | |

**RULING ON PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

On March 11, 2005, this Court granted defendants' motion for summary judgment [Doc. #60]. Judgment entered on March 22, 2005. [Doc. #61]. Plaintiff did not file a motion for reconsideration by the District Court. Instead, plaintiff filed a timely appeal on April 13, 2005. [Doc. #63]. The appeal is currently pending.

Pending before this Court is plaintiff's motion to supplement the record on appeal, pursuant to Fed. R. Civ. P. 60 **[Doc. #70]**.[1] However, plaintiff does not seek to supplement the District Court record to seek relief from the final judgment under Rule 60(b) due to "mistake; inadvertence; excusable neglect; newly discovered evidence, fraud" or any other basis available under the rule. Rather, plaintiff seeks permission to supplement the record on appeal with documents that were never part of the District Court record, to support her argument that

---

[1] Rule 60, Relief from Judgment or Order, does not provide for supplementation of the record on appeal. Nor does plaintiff cite any provision in the rule that authorizes the Court to do so.

this Court's summary judgment ruling should be overturned.[2] She argues, "[r]ather than wait upon a likely remand of the case, the District Court should simply grant the motion in order that a full record is available for the Appeals Court to review." [Doc. #71 at 4-5].[3] The Court disagrees.

Whether or not plaintiff may supplement the record on appeal is not a question for this Court. Plaintiff, clearly, must make that motion to the Court of Appeals. See, Puglisi v. Underhill Park Taxpayers Assoc., 125 F.3d 844, 1997 WL 609212 *2 (2d Cir. 1997) (declining to consider new documents and affidavits submitted for the first time on appeal where the "evidence was not, however, presented to the District Court . . . "). This Court has reviewed plaintiff's cases for the proposition that the district court has authority to supplement the record on appeal and finds them unpersuasive. In these cases, the Court of Appeals considers the request to supplement the record, not the District Court. See, e.g., U.S. v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994) (addressing the issue of the Appeals Court's procedure for requesting supplementation of the record at the District Court while retaining jurisdiction); In re Lomas Financial Corp.

---

[2] Plaintiff seeks to supplement the record with documents described as follows: "Plaintiff's Connecticut Superior Court Action filed on March 9, 2001; Plaintiff's Federal District Court Action filed on April 6, 2001; and Plaintiff's Right to Sue letter dated September 24, 2002." [Doc. #71 at 8]. It is undisputed that none of these documents was appended to plaintiff's opposition to summary judgment in the District Court.

[3] "Plaintiff moves to supplement the record to provide the evidence that would show the totality of the circumstances surrounding plaintiff's termination and avert what would otherwise be a gross case of manifest injustice." Doc. #71 at 7-8].

932 F.2d 147, (151-52 (2d Cir. 1991) (directing the parties to seek a supplemental statement from the bankruptcy judge); <u>Gulliver v. Dalsheim</u>, 739 F.2d 104, 106 (2d Cir. 1984) (explaining the Court's "limited" remand, "which requires the District Court to find facts or pass on issues while the court of appeals retains jurisdiction over the merits in the event that the findings of fact or conclusions of law on the remand do not enable or require the Court of Appeals to dispose of the case summarily."); <u>FDIC v. Grella</u>, 553 F.2d 258, 264 (2d Cir. 1977) (reversing and remanding the case to the District Court for specific findings); <u>MD v. Southington Board of Educ</u>, 334 F.3d 217 (2d Cir. 2003) (noting that the case was before the Court for a second time after a remand to the District Court so the parties could supplement the record.).

<u>CONCLUSION</u>

Accordingly, plaintiff's Motion to Supplement the Record on Appeal **[Doc. #70]** is **DENIED**.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #20] on September 11, 2003, with appeal to the Court of Appeals.


Dated at Bridgeport, this 23rd day of February 2006.


```
               _____/s/_____
                     HOLLY B. FITZSIMMONS
               UNITED STATES MAGISTRATE JUDGE
```